Sheryl W. Leichenger (SBN CA 161688)
sleichenger@selmanlaw.com
Elisabeth M. D'Agostino (SBN CA 251179)
edagostino@selmanlaw.com
Lauren A. Edson (SBN CA 344089)
ledson@selmanlaw.com
SELMAN, LEICHENGER, EDSON, HSU,
NEWMAN & MOORE LLP
10880 Wilshire Blvd., Suite 1200
Los Angeles, CA 90024
Telephone:  310.445.0800

Attorneys For Plaintiff, SCOTTSDALE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, an Arizona Corporation, <br><br> Plaintiff, <br><br> v. <br><br> STORM PLASTERING, INC., a California Corporation; et al., <br><br> Defendants. | Case No. 2:23-cv-06535-FMO-JPRx <br><br> STIPULATED PROTECTIVE ORDER |

1. INTRODUCTION

    1.1 PURPOSES AND LIMITATIONS

    Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file Confidential Information

380 103838 4883-9490-5246 .v1

under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

### 1.2   GOOD CAUSE STATEMENT

This is an insurance coverage action regarding a pending state court lawsuit styled *Vazquez-Estrada v. Tallen & Tyce Development, Inc., et al.*, Los Angeles Superior Court Case No. 22STCV28235 ("Underlying Action").  By way of this coverage action, Scottsdale seeks declarations that it has no duty to defend and/or indemnify its insured in the Underlying Action.  Scottsdale also seeks reimbursement of defense fees and costs paid on its insured's behalf.

In light of the nature of the claims and allegations in this coverage action, and the pendency of the Underlying Action, the parties represent that discovery in this case may involve the production of private, confidential, and/or sensitive communications and records.  For example, as part of this coverage litigation, information and/or documents pertaining to Scottsdale Insurance Company's ("Scottsdale") coverage investigation, communications with tendering parties, and evidence of defense fees and costs paid on its insured's behalf may be produced.[1] In order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  The parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained

---

[1] This is not an exhaustive list, such that other private, confidential, and/or sensitive information subject to this Protective Order may be requested and/or produced.

1  in a confidential, non-public manner, and that there is good cause or a compelling
2  reason why it should not be part of the public record of this case.

3  2.  DEFINITIONS

4      2.1  Action: *Scottsdale Ins. Co. v. Storm Plastering, Inc., et al.*, USDC –
5  Central District of California Case No. 2:23-cv-06535-FMO-JPRx.

6      2.2  Challenging Party: a Party or Nonparty that challenges the designation
7  of information or items under this Order.

8      2.3  "CONFIDENTIAL" Information or Items: information (regardless of
9  how it is generated, stored, or maintained) or tangible things that qualify for
10 protection under Federal Rule of Civil Procedure 26(c) and as specified above in
11 the Good Cause Statement.

12     2.4  Counsel: Outside Counsel of Record and House Counsel (as well as
13 their support staff).

14     2.5  Designating Party: a Party or Nonparty that designates information or
15 items that it produces in disclosures or in responses to discovery as
16 "CONFIDENTIAL."

17     2.6  Disclosure or Discovery Material: all items or information, regardless
18 of the medium or manner in which it is generated, stored, or maintained (including,
19 among other things, testimony, transcripts, and tangible things), that are produced
20 or generated in disclosures or responses to discovery in this matter.

21     2.7  Expert: a person with specialized knowledge or experience in a matter
22 pertinent to the litigation who has been retained by a Party or its counsel to serve
23 as an expert witness or as a consultant in this action.

24     2.8  House Counsel: attorneys who are employees of a Party to this
25 Action. House Counsel does not include Outside Counsel of Record or any other
26 outside counsel.

27     2.9  Nonparty: any natural person, partnership, corporation, association, or
28 other legal entity not named as a Party to this action.

Selman Leichenger Edson Hsu Newman & Moore LLP
ATTORNEYS AT LAW

2.10   Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.11   Party: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party: a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors: persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also any information copied or extracted from Protected Material; all copies, excerpts, summaries, or compilations of Protected Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees

otherwise in writing or a court order otherwise directs. Final disposition is the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law.

5.  DESIGNATING PROTECTED MATERIAL

   5.1  Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent practicable, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

   If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for that level of protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

   5.2  Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Order requires the following:

   (a)  for information in documentary form (for example, paper or electronic

documents but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix at a minimum the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party should to the extent practicable clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all material made available for inspection must be treated as "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party should to the extent practical clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

(b)     for testimony given in depositions, the Designating Party must identify the Disclosure or Discovery Material that is protected on the record, before the close of the deposition.

(c)     for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

5.3     If timely corrected, an inadvertent failure to designate qualified

1  information or items does not, standing alone, waive the Designating Party's right
2  to secure protection under this Order for that material. On timely correction of a
3  designation, the Receiving Party must make reasonable efforts to assure that the
4  material is treated in accordance with the provisions of this Order.

5  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6        6.1    Any Party or Nonparty may challenge a designation of confidentiality
7  at any time consistent with the Court's scheduling order.

8        6.2    The Challenging Party must initiate the dispute-resolution process
9  (and, if necessary, file a discovery motion) under Local Rule 37.

10       6.3    The burden of persuasion in any such proceeding is on the
11 Designating Party. Frivolous challenges, and those made for an improper purpose
12 (for example, to harass or impose unnecessary expenses and burdens on other
13 parties), may expose the Challenging Party to sanctions. Unless the Designating
14 Party has waived or withdrawn the confidentiality designation, all parties must
15 continue to afford the material in question the level of protection to which it is
16 entitled under the Producing Party's designation until the Court rules on the
17 challenge.

18 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

19       7.1    A Receiving Party may use Protected Material that is disclosed or
20 produced by another Party or by a Nonparty in connection with this Action only
21 for prosecuting, defending, or attempting to settle this Action. Protected Material
22 that is disclosed or produced in connection with this Action may not be utilized in
23 the Underlying Action.  However, this Protective Order shall not apply to the
24 extent that the Protected Material produced in this Action is separately disclosed or
25 produced during discovery in the Underlying Action.
26       Such Protected Material may be disclosed in this Action only to the
27 categories of people and under the conditions described in this Order. When the
28 Action has been terminated, a Receiving Party must comply with the provisions of

1  Section 13 below (FINAL DISPOSITION).

2      Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the people authorized under this Order.

5      7.2    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following people:

    (a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    (b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)    the Court and its personnel;

    (e)    court reporters and their staff;

    (f)    professional jury or trial consultants, mock jurors, and professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (h)    during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that the deposing party requests that the witness sign the form attached as Exhibit A hereto and the

witnesses will not be permitted to keep any confidential information unless they sign the form, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must

(a) promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification must include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order should not produce any information designated in this action as "CONFIDENTIAL" before a determination on the protective-order request by the relevant court unless the Party has obtained the Designating Party's permission. The Designating Party bears the burden and expense of seeking protection of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to

disobey a lawful directive from another court.

9. **A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL." Such information is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

(b) In the event that a Party is required by a valid discovery request to produce a Nonparty's Confidential Information in its possession and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's Confidential Information, then the Party must

(1) promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(2) promptly provide the Nonparty with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Nonparty, if requested.

(c) If the Nonparty fails to seek a protective order within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Confidential Information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party must not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a ruling on the protective-order request. Absent a court order to the contrary, the Nonparty must bear the burden and expense of seeking protection of its Protected Material.

10

STIPULATED PROTECTIVE ORDER

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately notify the Designating Party in writing of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the Protected Material, inform the person or people to whom unauthorized disclosures were made of the terms of this Order, and ask that person or people to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

12. **MISCELLANEOUS**

12.1   Nothing in this Order abridges the right of any person to seek its modification by the Court.

12.2   By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied, then the Receiving Party may file the information in the public record unless

1  otherwise instructed by the Court.

2  13.    FINAL DISPOSITION

3         After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, when appropriate) all the Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

21 14.    SANCTIONS

22        Any willful violation of this Order may be punished by civil contempt, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

25 / / /
26 / / /
27 / / /
28 / / /

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 18, 2024

SELMAN, LEICHENGER, EDSON, HSU, NEWMAN & MOORE LLP

By: /s/ Elisabeth M. D'Agostino
SHERYL W. LEICHENGER
ELISABETH M. D'AGOSTINO
LAUREN A. EDSON
Attorneys For Plaintiff, SCOTTSDALE INSURANCE COMPANY

Dated: April 18, 2024

LAW OFFICES OF MARK S. GLAZER

By: /s/ David M.S. Taam
DAVID M.S. TAAM
Attorney for Defendants, STORM PLASERING and OSWALDO PENA DIAZ

Dated: April 18, 2024

HEIMANSON & WOLF, LLP

By: /s/ Andres Nochez Lugo
ANDRES NOCHEZ LUGO
Attorney for Defendants, JORGE VAZQUEZ-ESTRADA and LEYSLI VAZQUEZ

Dated: April 18, 2024

NASS LAW FIRM

By: /s/ Edmond Nassirzadeh
EDMOND NASSIRZADEH
Attorney for Defendants, 1033 SOMERA, LLC and TALLEN & TYCE DEVELOPMENT, INC.

I, Elisabeth M. D'Agostino, as the EFC user and filer of this document, attest that concurrence in the filing of this document has been obtained from counsel identified above.

DATE: April 18, 2024            /s/ Elisabeth M. D'Agostino

**ORDER**

APPROVED AND SO ORDERED:

Date: 4/24/2024

_____

Honorable Jean P. Rosenbluth

UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on [date] in the case of _____ [insert case name and number]. I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

**ORDER**

APPROVED AND SO ORDERED:

Date: _____        _____

                                             Honorable Jean P. Rosenbluth

                                             UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER

380 103838 4883-9490-5246 .v1